UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Veronica Hanke Dacey

    v.                                    Civil No. 08-cv-212-PB

R. James Steiner, Esq., et al.[1]

**REPORT AND RECOMMENDATION**

    Before the court is Veronica Hanke Dacey's complaint (document no. 1). Dacey is seeking relief under various federal criminal and civil rights statutes. Dacey alleges that defendants have conspired against her, denied her civil rights, defrauded her, and stolen her property and identity, in engaging in activities concerning a real estate transaction related to her

---

[1] In addition to Steiner, Dacey names the following defendants to this action: James J. Tenn, Esq., GMAC Bank General Counsel, Mary Fran Rich, Merrimack Valley Federal Credit Union, Merrimack Valley Federal Credit Union President/CEO Peter J. Matthews, Jr., Cinda Lea D'Amante, and Market Street Settlement Group President/CEO Michael Massey. In the narrative of her complaint, Dacey refers to other individuals as "unnamed defendants" or "as yet unnamed defendants." These individuals include Marital Master Leonard S. Green, New Hampshire Superior Court Judges Barry and Mangones, and Amherst Police Officer Patrick Webster. I construe Dacey's statement that these individuals are "as yet unnamed," as a concession that those individuals are not presently named defendants in this action, and that she does not intend for those individuals to be served with this action at this time.

divorce.  Because Dacey is proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether or not she has stated any claim upon which relief might be granted.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

For the reasons discussed herein, I find that Dacey has failed to state any claim upon which relief might be granted.  Accordingly, I recommend that this action be dismissed.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings generously in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct

cause of action, even if it was imperfectly pled." See <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See <u>id.</u> This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In December of 2006, pursuant to an Order of the New Hampshire Superior Court in Dacey's divorce case, Dacey's interest in her home was transferred to her former husband, and she was paid her share of the equity in the home. The home transferred to Mr. Dacey's sole ownership via a quitclaim deed signed by a private attorney, James Tenn. At the request of Mr. Dacey's counsel, James Steiner, Tenn was appointed by the Superior Court to be a "commissioner" for that particular sale, with the power to sign the deed and effect the transfer of ownership. Plaintiff neither consented to nor authorized the

transfer of property, or the representation of her interests in the sale by Attorney Tenn.

Subsequent to the transfer of property, plaintiff went to her ex-husband's home, which had formerly been her home as well, and refused to leave.  Mr. Dacey contacted the police to request that plaintiff be removed from the property.  Amherst Police Officer Patrick Webster responded to the house and advised plaintiff that she had to leave, and that she would be arrested if she returned to the house.

Plaintiff alleges that the entire process of transferring the house without her signature or consent was the result of a conspiracy among the defendants to deprive her of her civil rights and property rights, to steal her identity, and, ultimately, to punish her with arrest.  Plaintiff claims that she is homeless and lives "in hiding" for fear that, if found, she will be arrested and incarcerated by defendants.

## Discussion

I.   Claims Arising out of Alleged Criminal Wrongdoing

Dacey asserts claims based on her assertion that the defendants have committed crimes in violation of 18 U.S.C. §§ 241, 242, 1014 and 1344.  These are criminal statutes and do not

provide for a private cause of action.  See Rodi v. Ventetuolo, 941 F.2d 22, 29 n.8 (1st Cir. 1991); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987); Murphy v. Maine, No. CV-06-62-B-W, 2006 WL 2514012, *3 n.5 (D. Me. 2006); Milgrom v. Burstein, 374 F. Supp. 2d 523, 528-29 (E.D. Ky. 2005).  To the extent that Dacey relies on these criminal statutes as a basis for civil claims, I recommend dismissal of those claims.

II.  Claims Alleging Discrimination

Dacey grounds several of her claims on federal statutes that give rise to a cause of action for racial discrimination in making contracts or in the sale of real property.  See 42 U.S.C. §§ 1981 & 1982.  Dacey, however, has not alleged that she has suffered from racial discrimination, or any other class-based invidiously discriminatory animus.  The absence of any allegation of discrimination is fatal to her claims under these statutes. See Delaunay v. Collins, 97 Fed. Appx. 229, 233 (10th Cir. 2004); Landrigan v. City of Warwick, 628 F.2d 736, 739 n.1 (1st Cir. 1980); Shipley v. Orndoff, 491 F. Supp. 2d 498, 506 (D. Del. 2007); Rivera Diaz v. P.R. Tel. Co., 724 F. Supp. 1069, 1073 (D.P.R. 1989) ("The absence of an allegation of racial

discrimination is fatal to a cause of action brought under 42 U.S.C. § 1981."). Accordingly, I recommend that the claims brought pursuant to §§ 1981 and 1982 be dismissed.

III. <u>Claim Brought Pursuant to 42 U.S.C. § 1983</u>

Section 1983 provides a cause of action for deprivations of federal rights effected under color of state law. <u>See</u> <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999) (finding that in order to state a claim under § 1983, plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law"). Dacey has named private actors as defendants to this action. While Dacey complains of actions taken by some state actors, she specifically concedes that those individuals are not named as defendants to this action. I find, therefore, that the defendants are all private actors acting in their private capacity, and therefore cannot be sued under § 1983.

It is worth noting that one defendant to this action, James Tenn, sits in a different position than the other defendants, as the claim Dacey brings against Tenn alleges that he acted as a court-appointed commissioner, and thus should be considered to be

a state actor in this matter.  The First Circuit has previously decided, however, that a private litigant's use of the state courts to enforce an allegedly unconstitutional settlement agreement did not constitute state action that could support a civil rights claim.  See Miles v. Funk, 259 Fed. Appx. 335, 337 (1st Cir. 2008).  Under Miles, by acting as a court-appointed commissioner, Tenn's action in signing the deed transferring her property to her ex-husband, did not constitute state action subjecting him to suit under § 1983.  Accordingly, I recommend dismissal of the § 1983 claim from this action.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety, as Dacey has failed to state any claim upon which relief might be granted.  See LR 4.3(d)(1)(B)(i).

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                        /s/ James R. Muirhead
                                                        James R. Muirhead
                                                        United States Magistrate Judge

Date:     October 7, 2008

cc:       Veronica Hanke Dacey, pro se